### GAETANO v EPPLEY et

Ohio Appeals, 2nd Dist, Franklin Co

No 2846. Decided March 28, 1938

N. V. Mangine, F. G. Gepfert, Cleveland, for plaintiff.

Herbert S. Duffy, Columbus, Attorney-General, for defendant.

### OPINION

By GEIGER, J.

This is an action in mandamus. The relator alleges that on the 4th day of August, 1937, he filed with the Department of Liquor Control an application for the transfer of an unexpired valid "D-5 Liquor permit" previously issued by the Department, from one Carl Klotz to himself for the operation of a night club in Halls Corners Village, Liberty Township, Trumbull County; that said application was rejected August 23, 1937; that on August 26th an appeal to the Board of Liquor Control was perfected and that on September 15th said appeal was heard by the Board and rejected for the reason that "An election was held in Halls Corners Village prohibiting the issuing of such permit."

The relator alleges that he has done everything required by him to be done for the transferring of the permit and the issuing to him of the same.

Defendants further alleged that Halls Corners Village on the 20th day of October, 1936, was a duly incorporated village and that there has never been an election in said village relating to the sale of intoxicating liquor. The relator prays that a writ of mandamus issue against the respondents requiring them to transfer the permit of Klotz to the relator for use in Halls Corners Village, Liberty Township, Trumbull County.

To this petition an answer is filed by the respondents admitting that the relator filed with the Department an application for the transfer of an unexpired permit previously issued by the Department; that such application was rejected by the Department and that an appeal was perfected to the Board of Liquor Control, which upon hearing was rejected for the reasons stated in the petition. Respondents say that their action taken in rejecting the appeal was valid for the reason that on November 3, 1936, a local option question was submitted to the voters of Liberty Township on the question, "Shall the sale of spirituous liquors by the glass be permitted," and that the vote was "Yes," 409 and "No," 464.

(In the original pleadings the relator and respondents are designated as plaintiff and defendants).

To this answer relator filed a reply alleging that on September 26, 1936, petitions were filed to determine the question whether or not Halls Corners in Liberty Township would be incorporated as a village and that on October 7, 1936, an election was held wherein it was determined by legal majority that it should be an incorporated municipality. The territory so incorporated was a part of Liberty Township; that on October 20, 1936, a certified copy of the result of the election was filed with the Secretary of State; that on November 3rd at the general election in Liberty Township the local questions were submitted to the voters as to the sale of liquor by the glass, which resulted as stated in the answer; that the local option question was submitted to all the electors in Liberty Township excluding Girard and that the voters of Halls Corners Village voted the ballot with the residents of Liberty Township not included in the village; that since the incorporation of the village there has not been an election to determine the local option question; that when he took his ap-

peal to the Board of Liquor Control the Board made the order that the action of the Director in rejecting the application is sustained because the records of the Department show that Halls Corners is a part of Liberty Township and Liberty Township is dry as a result of a local option election. Relator denies that this reason was valid and prays for the allowance of the writ.

The parties have filed a stipulation agreeing to certain facts and that in the opinion of counsel the stipulation contains all the necessary facts for the determination of the issue. The stipulation supports the allegation of the petition in reference to both elections, the one on the question of the sale of liquor and the other on the question of the incorporation of the village, and also the allegation of the petition in reference to the application made by the relator and its rejection and the appeal to the respondents acting as a Board of Liquor Control, and that said Board disposed of the appeal by upholding the decision of the Department on the sole ground that "An election was held in Halls Corners Village prohibiting the issuance of such a permit;" and further that there are and were no other statutory disabilities affecting the proposed transfer.

## THE LIQUOR CONTROL ACT

Before we can correctly determine the questions presented it is essential that we examine the act insofar as it controls the issuing of permits. The act is somewhat complicated and if we inadvertently make any misstatements that are essential to the question we would ask counsel to point them out. Sec 6064-2, GC provides that the Department of Liquor Control is created to consist of a Board of Liquor Control of four members and a Director of Liquor Control. Sec 6064-3, GC provides that the the Board of Liquor Control shall have the power to adopt rules with reference to applications for and the issuance of permits and to adopt rules and regulations restricting and placing conditions upon the transfer of permits. By subdivision 5 the Board of Liquor Control shall have power to consider, hear and determine all appeals authorized by the act to be taken from any decision of the Department and shall accord a hearing thereon.

In any such case the decision of the Board, after such hearing, shall be final. Sec 6064-7, GC provides that the Director, subject to the duties of the Board as set forth in §6064-3, GC shall exercise all the

powers vested in or imposed upon the Department and shall administer the affairs of the Department except as specified in the act. Sec 6064-8 provides that the Department of Liquor Control shall have power to grant, refuse, revoke and cancel permits. Sec 6064-14, GC provides that no person shall act in reference to liquor unless such person shall be the holder of a permit issued by the Department of Liquor Control and in force at the time.

We are concerned with Permit "D-5" which is "a permit to the owner or operator of a 'night club'." A night club is defined in §6064-1, GC as a place regularly and habitually operated after the hour of midnight where food is served for consumption on the premises and one or more forms of amusement are provided or permitted for a consideration.

Sec 6064-17, GC provides for restrictions relative to issuance of permits. It is there provided that "No holder of a permit shall sell, assign, transfer or pledge the permit granted without the written consent of the Department of Liquor Control." No class D-5 permit shall be issued in any municipal corporation or township in which at the November, 1933, election a majority of the electors voted against the repeal of prohibition unless the sale of liquor by the glass shall be authorized by a majority vote voting on the question in such municipal corporation or township at an election held pursuant to the section or by a majority vote voting at a special local option election on the question "Shall the sale of spirituous liquors by the glass be permitted?" Said section also provides that on a petition of 15% .of those voting for governor at the last election filed with the Board of Elections, such Board of Elections shall hold an election upon the question of allowing spirituous liquors to be sold by the glass.

"The result of such election shall be certified by the Board of Elections to the Secretary of State who shall certify the same to the State Department of Liquor Control."

Sec 6064-25, GC provides that the Department of Liquor Control may revoke any permit for violation of any of the applicable restrictions and for certain other reasons. Sec 6064-26, GC provides that the Department may act in the revocation or cancellation of any permit and that after hearing may suspend any permit pending

such hearing and the appeal provided for a period not exceeding thirty days.

Sec 6064-27, GC provides that "Any person deeming himself aggrieved thereby may appeal to the Board of Liquor Control from the action of the Department refusing to issue a permit or revoking a permit."

Sec 6064-31, GC provides that the privilege of local option as to the sale of intoxicating liquor is conferred upon the electors of (1) a municipal corporation; (2) a residence district in a municipal coporation; (3) a township exclusive of any municipal corporation or part thereof therein located.

## SUMMARY

We thus see that the control of liquor is vested in three distinct units: First, the Department of Liquor Control which consists of a Board of Liquor Control of four members and a director; second, the Board of Liquor Control which is made up of the four members; and, third, the Director of Liquor Control who seems by the statute to be the agency in whom is vested the greatest authority. This is so because he is one member of the Department of Control which is made up of four members and the Director. It is possible that in this Department he would hold the controlling vote. By §6064-7, GC, with certain reservations the powers and duties vested in the Department shall be exercised by the Director.

The statute provides that the Board of Liquor Control shall have the power to adopt rules and in pursuance of that power they adopted regulation No 6 on November 23, 1937, amending the same section as amended June 18, 1937, and rescinding a former regulation No 37. The petition alleges that on the 4th day of August, 1937, the relator filed his application for transfer so that it is probable that he does not come within the terms of the regulation adopted November 23rd, but at this moment not having available the former regulation we point out the provision of the present regulation No 6 and will point out later, when available, any pertinent difference. The present regulation is to the effect that the holder of a permit issued by the Department may transfer such permit from one location to another by securing the approval of the Department. Permits shall not be transferred from one person to another except that the Director of the

Department of Liquor Control, at his discretion may transfer the permit in the case of death or bankruptcy of such permit holder or in the case of reorganization under the federal bankruptcy laws.

Sec 6064-17, GC provides that no holder of a permit shall sell, assign, or transfer the permit without the written consent of the Department of Liquor Control. The plaintiff in this case states in his petition that he made the application for the transfer of an unexpired permit previously issued by the Department to Carl Klotz, to himself for the operation of the proposed night club. While the stipulation provides that there are and were no other statutory disabilities affecting the proposed transfer, such a stipulation can not control if it appears that there are as a matter of fact statutory restrictions or restrictions made by rules promulgated under the authority of the statute. The section of the statute provides that no holder of permits shall sell the same without the written consent of the Department of Liquor Control. Sec 6064-17, GC enumerates the conditions under which an original permit shall not be granted, but the section definitely holds that no holder of the permit may transfer the same without the consent of the Department. "Consent" is the voluntary concurrence in, approval of and assent to what is proposed to be done and lies exclusively within the determination of the person or board whose "consent" must be first secured, and of course the consent of a statutory board can not be coerced by a judicial tribunal unless there is a gross abuse of discretion. In addition to the statutory requirement that there must be a consent, there is the direct and positive prohibition under regulation No 6 as it now stands. The consent of the majority of the Department of Liquor Control for the transfer of this permit from its original holder who operated a night club within the coporation of Youngstown to a different individual who now proposes to operate such a resort within the limits of a recently erected municipality, might be difficult to secure when the Board realizes the potential objectionable features of a "night club" as defined by the statute. The Board might also well take into consideration that the whole proceeding in connection with the organization of the municipality suggests strongly that it was a well conceived plan to reserve a wet spot in dry territory contiguous to a large city. The municipality of Youngstown is contiguous to the south part of Liberty Township in Trumbull

County and it is not beyond probability that the establishment of the municipality of Halls Corners was conceived for the purpose of the night club rather than the convenience and welfare of the inhabitants of the village. These matters might well influence the members of the board in withholding their consent to the transfer. While this "consent" is statutory and while we have pointed out the present rules as to transfer, we now consider the rules that were in force at the time the relator filed his application, that being regulation No 6 amended June 18, 1937, and it provides that the holder of a permit may transfer such permit from one location to another or to another person by making application for such transfer to and securing the approval of the Department of the same. Such right to transfer the permit either from one location to another or to another person is subject to the approval of the Department and "approval" is not much different in its meaning from "consent" as provided by the statute. It does not occur to us that even though the Board has given the reason for its refusal as due to the fact that an election was held prohibiting the issuance of such permit, and that this reason might not be valid, and that the stipulation provides that there are no other statutory disabilities, a right is vested in the relator to seek through mandamus proceeding the judicial control of the officers of another department of state who have given a wrong reason for their refusal to act.

The relator has proceeded on the theory that he had a right to appeal to the Board of Liquor Control from the refusal of the Department to grant him a permit under the provision of §6064-27, GC. That appeal is from the action of the Department in refusing to issue a permit or revoking a permit and apparently does not cover the refusal of the Board to give its written consent to the original permit holder to transfer the permit. There is a good reason for this. Sec 6064-17, GC makes the transfer subject to consent of the Department of Liquor Control and there could not reasonably be an appeal to the Board of Liquor Control from the refusal to give "consent". Aside from this paragraph 5 of §6064-3, GC provides that the decision of the board on an appeal made after hearing "shall be final" and of course that means it shall be final unless there is an abuse of discretion. It is urged that the election which resulted in a dry decision for the entire township could not affect the territory included within the municipality which was

established before the liquor election was completed. Counsel in his brief points to the fact that the Attorney General in his opinion on this very matter dated May 17, 1937, opinion No 603, holds in substance that the liquor election held in Liberty Township could not apply to Halls Corners Village, and urges that the Board of Liquor Control could not in the face of such an opinion give as a reason for its failure to issue the permit the result of the election in Liberty Township. But the result of the election is determined first by the Board of Elections of the county which is required to certify the result of the election to the Secretary of State who shall certify the same to the State Department of Liquor Control. All this was done. The Board of Liquor Control had on file from the Secretary of State this certificate showing that the election in Liberty Township resulted in a dry vote. That seems to us to justify if not to require the Board of Liquor Control to refuse a certificate because the only official information it had was the legality of an election in Liberty Township which included the recently erected municipality. The Board of Liquor Control have no right or authority to question the result of the election or at least did not question it. If relator wishes to establish the fact that as a matter of law the territory included in Halls Corners Village is not included within the territory voted dry on November 3, 1936, he was under the obligation of first establishing the illegality of the election before a proper board or court and having the certificate of the Board of Elections of Trumbull County corrected to show that the territory included within the bounds of the new municipality was not affected by the election.

This brings us to the question as to whether or not this court has a right by mandamus to compel the Board of Liquor Control to issue the permit because Halls Corners is not as a matter of fact dry, or whether it should refuse to issue a writ of mandamus on the ground that there was no abuse of discretion.

There is also the question as to whether this court has the right to proceed by mandamus to compel a board to do something that is manifestly within its discretion, to-wit, the transfer of the permit. In mandamus proceedings it is well settled that the relator's right to relief sought must be clear. In addition to this it must appear that an absolute obligation is devolved upon the particular officer sought to be coerced and a plain dereliction of duty must be established against such person before a writ will be awarded. The right to a writ rests on the inherent natural justice of the relator's claim. Where it appears that the relator has no right to have the specific act performed, mandamus will not issue. 25 O. Jur. 997, et seq.

"Mandamus does not lie to compel the performance of an act which is not enjoined by law as a duty resulting from an office, trust or station." Auditor v State, 63 Oh St 541.

State v Crawford, 127 Oh St 580, where it is held that a writ of mandamus lies to compel the performance of a duty specifically enjoined by law and compel an official to exercise discretion such writ will not lie to control the discretion of the officer.

State, ex rel Christman v Board of Education, 127 Oh St 55.

State, ex rel Savings Co, 133 Oh St 382, (Oh Bar 3-28-38).

We are therefore of the opinion that the relator is not entitled to a writ of mandamus in this action: first, because it relates to the transfer of a permit which requires the consent of the Board; second, because he either did not have a right to appeal from the refusal to grant the transfer or if he did, the judgment of the Board to which he appealed, was final unless there was a gross abuse of discretion; third, the Liquor Board was not guilty of abuse of discretion in refusing to transfer and issue a new permit to the relator when the certificate of the Board of Elections certified to the Secretary of State shows that the territory where a petitioner sought to operate a night club was dry territory; fourth, mandamus is only available to enforce an absolute obligation devolving upon the Liquor Control Board to issue this certificate.

Judgment accordingly. Writ denied.

BARNES, PJ, and HORNBECK, J, concur.